No. 49,376

Jeannetta J. Woltje, *Appellant,* v. Kansas Public Employees Retirement System, *Appellee.*

(592 P.2d 872)

Opinion filed March 31, 1979.

*Russell Cranmer,* of Michaud, Cranmer, Syrios and Post, of Wichita, argued the cause and was on the brief for appellant.

*Marshall Crowther,* special assistant attorney general, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

Holmes, J.: This is an appeal from an order of the district court affirming a decision of the Board of Trustees of the Kansas Public Employees Retirement System, which denied plaintiff's claim for accidental death benefits.

Plaintiff-appellant is the widow of William Theodore Woltje who had been an employee of the Kansas Highway Commission for nearly sixteen years. For the last four or five years before his death, Woltje had operated a motorized grader called a maintainer. He ordinarily worked an eight-hour day, five days a week. As a motor grader operator, his duties usually consisted of using the grader to work on the surface of the roads doing patching and overlaying work. The grader was also used to remove snow from the highways and when a snowfall exceeded one foot in depth, a snowplow would be mounted on the front of the grader and used to push the snow from the roads. On Saturday, January 2, 1971, a heavy snow commenced. Woltje mounted the snowplow on the grader and started snow removal duties Saturday night. It was extremely hard work. During the sixty-seven hour period between the beginning of his duties on Saturday and 3:00 p.m. Tuesday, Woltje worked fifty-seven hours, the last thirty-six hours without time off. Woltje began experiencing chest pain Tuesday evening

at his home and was taken to the hospital Wednesday morning where it was determined that he had suffered an acute coronary occlusion and myocardial infarction. He failed to respond to treatment and died January 10, 1971.

Appellant's first point attacks the scope of review, in the district court, of the decision of the Kansas Public Employees Retirement System. Appellant contends that with the amendment of Article 3, Section 1 of the Kansas Constitution in 1972, the judicial power of the state is vested exclusively in the judicial branch of government and that all appeals from quasi-judicial decisions of administrative agencies are subject to trial de novo in the district court. This identical argument was determined adversely to appellant's position in *Behrmann v. Public Employees Relations Board,* 225 Kan. 435, 591 P.2d 173 (1979). As held in *Behrmann,* absent statutory authority to the contrary, the review in the district court of administrative decisions, including those of the Board of Trustees of the Kansas Public Employees Retirement System, is limited to determining as a matter of law whether (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority. The trial court applied the correct scope of review in this case.

Appellant next contends that if she is not entitled to a trial de novo, the district court committed error in finding that the Board of Trustees did not act in an arbitrary, capricious or unreasonable manner and in finding there was substantial competent evidence to support the findings of the Board of Trustees.

K.S.A. 1978 Supp. 74-4916 provides in part:

"(2)(a) *In the event that a member should die before retirement as a result of an accident arising out of and in the course of his or her actual performance of duty in* the employ of a participating employer *independent of all other causes* and not as a result of a willfully negligent or intentional act of the member, *an accidental death benefit shall be payable if:* (A)  . . . .  and (B) *the board finds* from such evidence  . . . .  *that the natural and proximate cause of death was the result of an accident arising out of and in the course of the member's employment* with a participating employer *independent of all other causes at a definite time and place.*  . . .

"(b) In construction of this section of the act there shall be no presumption that the death of the member was the result of an accident nor shall there be a liberal interpretation of the law or evidence in favor of the person claiming under this subsection. *In the event of the death of a member resulting from a heart,*

*circulatory or respiratory condition there must be clear and precise evidence that death was the result of an accident independent of all other causes* which arose out of and in the course of the member's actual performance of his or her duties in the employ of a participating employer." (Emphasis added.)

The trial court, in its memorandum decision, in referring to the evidence before the Board of Trustees, found:

"The work done by Mr. Woltje from January 2, 1971, through January 5, 1971, was the type and duration of work that Mr. Woltje normally would have been expected to do by the highway maintenance superintendent. Other employees were similarly employed during the same period and the records indicate that in past years Mr. Woltje had been expected to perform, and did actually perform, the same type of duties during blizzards or heavy snowfall conditions.

"Evidence was received from three medical doctors. Dr. Richard L. Sifford stated that he did not feel there was any reasonable medical connection between the work performed and the myocardial infarction. Dr. W. W. Orrison expressed the opinion that Mr. Woltje's death was directly attributable and directly connected to the work in question. Dr. Neal Goering expressed the opinion that Mr. Woltje had pre-existing arteriosclerosis and the work performed was only a contributing factor to the fatal infarction."

We had occasion to construe K.S.A. 74-4916(2) in *Jolly v. Kansas Public Employees Retirement System,* 214 Kan. 200, 519 P.2d 1391 (1974).:

"K.S.A. 1970 Supp. 74-4916(2) is construed as follows: (*a*) The act is not subject to liberal construction; (*b*) the act provides benefits for death from 'accidental cause,' but prohibits benefits for death from 'accidental result'; (*c*) an accident within the act is a sudden and unexpected incident occurring at a definite time and place; (*d*) the routine, normal and expected occurrences in the course and scope of a member's employment cannot be classified as 'accidental cause'; (*e*) absent accidental cause the act prevents recovery of benefits for death resulting from pre-existing disease or physical infirmity even though aggravated by normal work-related activities; (*f*) the phrase, 'independent of all other causes,' does not prevent recovery of benefits for death caused by heart, circulatory or respiratory conditions when an accident as herein defined is a contributing cause of death." Syl. ¶ 2.

At page 204 we stated:

" 'The word accident does not have a settled legal signification. It does have, however, a generally accepted meaning, which is the same whether considered according to the popular understanding or the approved usage of language. An accident is simply an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force. . . .' (*Gilliland v. Cement Co.,* 104 Kan. 771, 180 Pac. 793, p. 773.)"

The trial court, having considered the record of the hearing

before the Board of Trustees in light of our decision in *Jolly,* stated:

"This Court has spent many long hours studying the transcript submitted of the hearing surrounding this case and am of the opinion that Mr. Woltje did engage in very strenuous and heavy activity for many hours and possibly performed above and beyond the call of duty in battling the blizzard and in keeping the Kansas roads open. Further, were this case to be one of de novo impression to this Court, I might very well find under the evidence submitted to it for determination that Mr. Woltje's death was caused as a result of his employment. On the other hand, this Court is bound by the law and as I see that law I must confine myself to the evidence and whether or not it was sufficient and of such substance as to support the findings of the Board under the scope of review herein. I cannot say that said decision is arbitrary, capricious, fraudulent or unlawful and therefore I must hold in favor of the defendant."

We agree with the trial court's determination.

The judgment is affirmed.

HERD, J., not participating.